**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| BIGFOOT 4x4, INC.,<br><br>　　　Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>　　　Defendants. | Case No. 26-cv-2771<br><br>Judge Franklin U. Valderrama |

**ORDER**

Plaintiff BIGFOOT 4x4, INC. (Plaintiff) alleges claims of trademark infringement, false designation of origin, and violations of the Illinois Uniform Deceptive Trade Practices Act against 8 defendants. R. 1, Compl.; R. 9, Sched. A. The Court dismisses Plaintiff's complaint without prejudice for misjoinder. Plaintiff has until June 3, 2026 to file an amended complaint naming one defendant or a group of properly joined defendants. If the latter, Plaintiff must also file a memorandum explaining why joinder of those defendants is proper. In addition, Plaintiff's motion to seal, R. 8; motion for electronic service, R. 12; and motion for expedited discovery, R. 13, are denied as moot.

**Statement**

"It has become commonplace in this district for holders of trademark and trade dress rights to file suits naming dozens or even hundreds of claimed infringers and counterfeiters, alleging that they are selling" counterfeit products online. *Patent Holder Identified in Exhibit 1 v. Does 1-254*, 2021 WL 410661, at *1 (N.D. Ill. Feb. 6, 2021). Typically, the plaintiffs seek an injunction and recovery of damages. *Id.* "In these lawsuits, the actual identities and locations of the sellers are unknown to the trademark holder because they have used assumed names. The lawsuits are typically filed against a group of sellers whose assumed names are listed on an attachment to the complaint, usually called 'Schedule A,'" so the lawsuits are known as "Schedule A" cases. *Id.*

Here, Plaintiff alleges trademark infringement, false designation of origin, and violations of the Illinois Uniform Deceptive Trade Practices Act against 8 Defendants. The Court finds that joinder of these 8 Defendants is not proper and dismisses the complaint without prejudice.

Rule 20 allows a plaintiff to join multiple defendants in an action where (1) "any right to relief is asserted against [the defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2); *see also UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018). "[U]nder Rule 20, district courts have discretion, with 'considerable flexibility in managing and structuring civil litigation for fair and efficient resolution of complex disputes.'" *Cont'l Indem. Co. v. BII, Inc.*, 104 F.4th 630, 645 (7th Cir. 2024).

In Plaintiff's complaint, it asserts that joinder is proper because some of the Defendants' websites have identical layouts, even though different aliases were used to register their respective online marketplace accounts. In addition, the counterfeit products for sale in the Defendants' Internet Stores bear similarities and indicia of being related to one another, suggesting that the counterfeit products were manufactured by a common source and that Defendants are interrelated." Compl. ¶ 20. Additionally, Plaintiff alleges Defendants' Internet Stores also include other notable common features, including use of the same online marketplace account registration patterns, unique shopping cart platforms, similar payment and Defendants' check-out methods, meta data, illegitimate SEO tactics, HTML user-defined variables, domain redirection, lack of contact information, identically or similarly priced items and volume sales discounts, similar hosting services, similar name servers, and the use of the same text and images." *Id.*

Plaintiff's allegations in support of joinder stem from *Bose Corp. v. P'ships, et al.*, 334 F.R.D. 511 (N.D. Ill. 2020). The Court agrees in part with the holding of *Bose*, in which the court rejected the argument that the plaintiff had plausibly alleged a transactional link. *Bose*, 334 F.R.D. at 514–16. The court reasoned that trademark infringers often copy *each other* to cause consumer confusion, making it impossible to infer that they were acting together. *Id.* Moreover, the court found that the plaintiff could "identify only minimal similarities among two or three small subsets of the 17 defendants in this case." *Id.* at 514.

The Court disagrees, however, with the holding in *Bose* that joinder nonetheless was proper at the initial stage of the case, because "joinder can be based not just on 'transactions,' but also on 'occurrences.'"[1] *Bose*, 334 F.R.D. at 516. The

---

[1] The Court acknowledges that, in several earlier Schedule A cases, it found that the plaintiffs "sufficiently demonstrated that [the asserted claims] arise out of the same occurrence or series of occurrences" and therefore that joinder was "proper at this preliminary stage." *See,*

*Bose* court found that the plaintiff had adequately alleged an occurrence of mass harm, analogizing the 17 defendants in that case to a BitTorrent "swarm" where large numbers of individuals used the internet to cause mass harm anonymously. *Id.* at 516. "In the BitTorrent context, 'swarm' refers to a group of computers in a peer-to-peer network downloading the same torrent. In this way, the computers are connected in purpose. Sometimes that purpose was to share copyright-protected files. In such instances, the copyright holder faced a 'swarm' of individuals seeking to harm it by illegally uploading and downloading its protected works." *Toyota Motor Sales, U.S.A., Inc. v. Partnerships and Unincorporated Associations Identified on Schedule A*, 24-cv-09401 Dkt. 23 at 2 (Oct. 18, 2024).

For the reasons articulated by several other judges in this District, the Court respectfully disagrees with the "swarm" analogy used in *Bose. See Bailie v. Partnerships and Unincorporated Associations,* 2024 WL 2209698 at *3–4 (May 15, 2024); *Toyota Motor Sales, U.S.A., Inc. v. Partnerships and Unincorporated Associations Identified on Schedule A*, 24-cv-09401 Dkt. 23 at 2–3 (Oct. 18, 2024); *see also Estee Lauder Cosms. Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*, 334 F.R.D. 182, 187–88 (N.D. Ill. 2020) (pre-dating *Bose* but rejecting the "swarm" argument adopted in *Bose*).

In the BitTorrent context, all users' sharing of the infringing files necessarily stems from one initial upload of the copyrighted work, which leads to a series of uploads and downloads of the same file. *See Toyota Motor Sales*, 24-cv-09401 Dkt. 23 at 3. Every user who joins the network and uploads or downloads the file knows that other users are doing the same and use their own devices to help those other users do so. *Id.* Therefore, they not only have a connection via the original upload, but also have a *shared* purpose of making the copyrighted work easily available to other BitTorrent users. *Id.*

Here, to the contrary, Plaintiff makes a conclusory allegation that Defendants' infringing products have a common origin. While Plaintiff points out that some Defendants' product descriptions use the same or similar wording and/or the same pictures, or that Defendants' use the same manufacturing source, that does not establish that Defendants are the same or are working together. *See Bailie,* 2024 WL 2209698 at *5 ("[E]ven if defendants' webpages were all identical, joinder is improper because use of identical web pages would not overcome the likelihood that Defendants are just copycats, both of the [plaintiff's] style and of each other."). (cleaned up). The fact that, according to Plaintiff, often trademark/copyright infringers coordinate

---

*e.g.*, *Manchester United Football Club Ltd. v. Partnerships and Unincorporated Associations Identified on Schedule "A,"* 22-cv-00487 Dkt. 29 at 2 (June 9, 2022). However, the Court specified that it "rule[d] on whether joinder is proper on a case-by-case basis, and as such, [its] ruling [was] not dispositive of the propriety of joinder in a different case before the Court." *Id.* at 2 n.2. Moreover, upon further consideration of the issue, the Court finds that the better reasoned line of decisions rejects the swarm analogy.

actions to avoid detection and that some Seller Aliases may have common ownership does not change the analysis: those allegations fall short of establishing the named defendants are properly joined here "on the off chance that one of these situations apply." *See Toyota Motor Sales*, 24-cv-09401 Dkt. 23 at 3–4.

The circumstances here are unlike the connected computer users who have a *shared* purpose of sharing copyright-protected files by uploading and/or downloading the same file in the BitTorrent context. Here, even though the defendants all may have a *common* purpose of making money off selling products infringing Plaintiff's trademark/copyright, they have no shared purpose. *See Toyota Motor Sales*, 24-cv-09401 Dkt. 23 at 2 & n2. The analogy used in *Toyota Motor Sales* is useful in distinguishing a common purpose versus a shared purpose: both the Chicago Bears and the Green Bay Packers (and thirty other teams) have the common purpose of winning the Super Bowl. However, the Chicago Bears only have a *shared* purpose with their teammates: a Bears Super Bowl victory. Obviously, the Packers do not share *that* purpose with the Bears. Even taking Plaintiff's allegations as true, the Court finds they are insufficient to establish a shared purpose where, as discussed above, the allegations linking Defendants to each other are conclusory.

Further, as Plaintiff has not met the standard of Rule 20, the Court will not exercise its discretion to bypass Rule 20's requirements, even at this early stage. Only once Plaintiff has demonstrated that "any right to relief is asserted against [the defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," may the Court exercise its discretion. *See Toyota Motor Sales*, 24-cv-09401 Dkt. 23 at 4. If, as Plaintiff argues, it does not currently possess sufficient information to establish joinder at this stage, Plaintiff should file multiple cases, and if discovery supports it, seek to consolidate the cases.

The Court also considers fundamental fairness, judicial economy, and prejudice as relevant to the joinder of a large number of defendants in a Schedule A case. *See Bailie,* 2024 WL 2209698 at *5. The Court rejects any suggestion that overlooking Rule 20's requirements serves judicial economy. As other courts in this District have noted, in Schedule A cases naming dozens, if not hundreds, of defendants, the Court must review infringement contentions—usually supported by hundreds or thousands of pages of screenshots presented *ex parte*—as to each defendant, similar to what it would do if an individual suit was filed against each defendant. *See id.*; *Toyota Motor Sales*, 24-cv-09401 Dkt. 23 at 4. Thus, the work for the Court is the same whether there is one suit or numerous suits. Moreover, experience has shown that, although many defendants in Schedule A cases default, often many *do* appear and file various motions seeking different relief and requiring different briefing schedules. Not only must the Court review and keep track of these filings and deadlines, but so too must other defendants, which not only "disserves the interest of judicial economy but also substantially prejudices the defendants." *Bailie,*

2024 WL 2209698 at \*5 (citing *Estee Lauder*, 334 F.R.D. at 187–88). Schedule A cases can—and often do—become unwieldly; even if Plaintiff had satisfied Rule 20's requirements, the Court would exercise its discretion to "not allow joinder because it would undermine the fair and efficient resolution of the case." *Toyota Motor Sales*, 24-cv-09401 Dkt. 23 at 4.

True, denying joinder in this case, as well as in other Schedule A cases, will effectively increase the cost of enforcing Plaintiff's presumptively valid intellectual property rights, via filing fees, bonds, and other litigation costs. The reality of Schedule A cases, however, is that plaintiffs typically request, and are often awarded, thousands of dollars in statutory damages from each defendant. So, like another court in this District, the Court finds that "the increased costs to plaintiffs do not, on this record, justify the serious prejudice to defendants that occurs when a meaningful *ex parte* review of hundreds or thousands of pages of screenshots and intellectual property specimens becomes effectively impossible. Nor do the increased costs to plaintiffs justify abandoning the Rule 20(a)(2) principle that similar conduct alone is insufficient to establish joinder of defendants." *Bailie,* 2024 WL 2209698 at \*5.

## Conclusion

For the foregoing reasons, the Court finds that Defendants in this case are not properly joined. Therefore, the complaint is dismissed without prejudice. By June 3, 2026, Plaintiff is directed to amend its complaint to eliminate all improperly joined defendants. If the amended complaint names more than one defendant, Plaintiff must simultaneously file a memorandum explaining why joinder of those defendants is proper. Plaintiff's motion to seal [8], motion for electronic service [12], and motion for expedited discovery [13], are denied as moot.

Date: 4/8/2026

Judge Franklin U. Valderrama
United States District Judge

5